PHILIP L. HEBERT *vs.* ROSCOE W. BAKER.

DECEMBER 19, 1921.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

(1) *Taxation. Sale.*

Although the tax had been properly assessed against each of several parcels of real estate, separately, all of the lots were sold by the collector of taxes as one lot for the total amount of taxes due on the different parcels.

*Held,* the sale was illegal and passed no title, for the result of such action was to deprive the owner of his statutory right to redeem a particular part of his land if he so desired.

TRESPASS AND EJECTMENT. Heard on exception of plaintiff and overruled.

STEARNS, J. This is an action of trespass and ejectment to determine the title to certain real estate. In the trial in the Superior Court, at the conclusion of plaintiff's testimony, the trial justice granted the motion of defendant for a nonsuit. The case is in this court on plaintiff's bill of exceptions in which the sole exception is to the granting of the nonsuit.

There is no dispute in regard to the facts.

Defendant, who owned certain real estate in the town of North Smithfield, was properly assessed annually for taxes for several years, by particular assessment on each parcel of real estate owned by him; for the same period certain other parcels of land belonging to the estate of one Joseph P. Baker were properly assessed separately. All of the above mentioned parcels of land, with the buildings thereon, constituted the farm occupied by defendant. As the taxes on all of these parcels of land were not paid, the collector of taxes of said town advertised the same for sale in separate parcels and thereafter sold the same at public auction to one Edward Atchison, by whom the premises were sold and conveyances were made by separate deeds to the plaintiff. Notice to quit was given by plaintiff to defendant, and upon refusal made by defendant, the present action was begun.

Although the taxes were assessed against each parcel separately, all of the lots belonging to defendant were sold

as one lot for the total amount of taxes, interest and expenses due on the different parcels. The same procedure was followed in the sale of the lots belonging to the estate of Joseph P. Baker. In the recitals of each of the tax deeds it was stated that the different parcels were sold as one for a lump sum to the highest bidder. Section 9, Chap. 60, General Laws provides that, "If any person is taxed for several parcels of real estate each of such parcels shall be liable for the payment of the tax assessed against it, even though the same may have been aliened, and no such parcel shall be liable for any tax assessed against any other parcel." Section 12 provides, "in all cases where any parcel of real estate is liable for payment of taxes, so much thereof as is necessary to pay the tax, interest, costs and expenses, shall be sold by the collector at public auction, to the highest bidder." By Section 18 it is provided that the owner of real estate sold for taxes may redeem the same within one year, upon repaying to the purchaser the amount paid therefor, with twenty per centum in addition. Each parcel of real estate is thus made chargeable with the taxes due upon that particular parcel and the right of redemption attaches to the particular parcel. The effect of a sale of all the parcels together is to charge each parcel with the amount of taxes due upon all with the result that the owner is deprived of his statutory right to redeem a particular part of his land if he so desires. Such a sale is contrary to the provisions of the statute and is invalid. In the case at bar the collector of taxes, having made the sales in violation of the express provisions of the statute, could not convey any valid title to plaintiff's vendor and consequently the plaintiff has no title to the premises sued for.

The exception of the plaintiff is overruled and the case is remitted to the Superior Court with direction to enter judgment on the nonsuit.

*William G. Rich*, for plaintiff.

*Herbert L. Carpenter*, for defendant.