WILLIAM T. SPENCER *vs.* HORACE O. KILBOURN *et al.*

AUGUST 5, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.   This is a bill in equity, filed under the provisions of general laws 1938, chapter 528, §26, to remove a cloud on the title of certain real estate allegedly purchased by complainant and for other incidental relief.   The respondents filed an answer in the nature of a cross bill asking for affirmative relief in connection with the real estate in question.   After a hearing in the superior court the trial justice entered a decree in substance granting the prayers of respondents' answer, declaring complainant's deed to said real estate to be null and void, and finding one of the respondents to be the owner of those premises.   From the entry of that decree complainant duly prosecuted his appeal to this court.

The facts of the case are not in serious dispute.   It appears from the evidence and the exhibits introduced that the property involved, which is unimproved and vacant land, consists of lots numbered 34 and 35 on tax assessors' plat No. 220 of the city of Warwick in this state.   In 1946 respondent Kilbourn, a nonresident of this state, was the apparent record owner of said real estate.   On June 15 of that year the tax assessors assessed a tax of $15.98 upon lot 34 and one of $6.58 upon lot 35.   These taxes were not

paid. On June 11, 1948, after certain notices had been given, the above-described parcels of land were sold at public auction by the tax collector for nonpayment of said taxes, and at that time they were purchased for $38.78 by complainant as the highest bidder.

By deed dated and recorded July 8, 1948, the tax collector conveyed to complainant all right, title and interest of respondent Kilbourn and of all others having any right, title and interest in and to such realty. The deed states that the sum of $38.78 covered the unpaid taxes assessed June 15, 1946 on said lots together with interest, costs and expenses thereon. On April 3, 1950 respondents Kilbourn and Johnson, the latter being a member of the bar of this state who represents Kilbourn, entered into a written agreement, duly recorded January 15, 1951, whereby Kilbourn agreed to sell to Johnson the lots in question subject to whatever rights therein complainant might have under his tax deed.

The respondent Kilbourn did not appear at the trial and respondent Johnson did not testify. Near the conclusion of the hearing the latter representing both respondents stated: "I will rest on the deficiency of procedure of the tax sale." It is plain, however, that the above statement does not dispute or challenge any proceeding taken by the tax collector in connection with the tax sale. The only issue raised by the respondents in this cause is whether the tax collector's deed to complainant as executed was legally sufficient under the controlling statute. In support of their contention that such deed did not conform to the law they rely upon certain statutes, including general laws 1938, chapter 32, §§9, 12 and 17, and the case of *Hebert* v. *Baker*, 44 R. I. 81, which was decided in 1921.

In finding for respondents in the present cause the trial justice rested his decision on the holding in the *Hebert* case, which was an action of trespass and ejectment to try title, plaintiff claiming under a deed as purchaser at a tax sale. In substance the court held that although the tax had been

properly assessed against each of several parcels of real estate separately, all the lots were sold as a unit for the total amount of taxes due on the different parcels, and that the sale was illegal and passed no title to plaintiff because the result of that action was to deprive the owner of the property of his statutory right to redeem a particular part of his land if he so desired.

We have examined the *Hebert* case in the light of the circumstances now before us and we are of the opinion that the instant cause is not governed by that decision and that the cases are plainly distinguishable. Subsequent to the *Hebert* case the legislature passed an act which appears as G. L. 1938, chap. 32, §49, and reads as follows:

> "If any unimproved and unoccupied parcels of land are sold for non payment of taxes assessed against the same person, firm, association or corporation, the collector may convey in one deed to the same purchaser or convey to the town or city any number of lots so advertised and sold and said deed shall state the amount of the taxes and costs due for each lot. The cost of the sale shall be apportioned equally among all the lots sold, and the cost of the deed shall be apportioned equally among all the lots conveyed thereby."

Further it may be noted that when chap. 32 was amended by public laws 1946, chap. 1800, which went into effect January 1, 1947, sec. 37 of that chapter contained substantially the same language which had appeared in chap. 32, §49.

An examination of the tax deed in question, which was given to complainant by the tax collector of the city of Warwick, shows that the portion of the deed conveying the property in question describes it as two separate lots in accordance with lot and plat numbers, and that the preliminary recitals in the deed set out specifically the amount of the tax assessed against each particular lot being conveyed. In other words, in the present cause two lots were separately conveyed in one deed, as permitted by

statute, whereas in the *Hebert* case several parcels were conveyed as one lot.

From a consideration of the above-quoted statute it appears, however, that in drawing the deed involved in the instant cause the tax collector did not fully comply with the provision which clearly requires that said deed shall state the amount of the tax *and costs* due for each lot. The deed in question stated the amount of the tax due for each lot but omitted any reference to the specific costs due therefor. In our opinion the omission of such a statutory requirement invalidates the deed.

It is plain that one of the objects in having the tax deed contain such information is to enable the owner of the property to ascertain from the deed how much he will have to pay to redeem any particular lot or parcel of land which has been sold for nonpayment of taxes. That was the basis of the court's decision in *Hebert* v. *Baker, supra,* and in that respect the statute has not changed the law. The matter of interest due is, of course, susceptible to computation and cannot be stated in the deed when it is drawn, but it is different as to the amount of taxes and costs both of which are known to the collector.

Further, in our judgment there was not such a substantial compliance with the law in respect to the tax deed received by the complainant as would make the provisions of G. L. 1938, chap. 32, §50, and P. L. 1946, chap. 1800, sec. 53, applicable. It is obvious from a consideration of the quoted statute that the legislature deemed the matter of costs to be important since the requirement for and the method of apportioning the costs among several lots were specifically set out. In the circumstances the failure to refer in any way in the deed to the matter of costs, as required by statute, cannot properly be considered as a mere unsubstantial error or irregularity in the proceedings of the tax collector.

It is our opinion that the trial justice committed no error in finding that complainant's deed to the property

in dispute was null and void since it did not comply with the requirements of the statute. To that extent the latter's appeal should be denied and dismissed, without prejudice, however, to the rights of the parties to have determined the merits of the controversy between them in the event that complainant obtains a proper deed from the tax collector in accordance with the statute. It is our judgment also that on the record before him the trial justice went too far in granting the prayer for affirmative relief contained in the respondents' cross bill. No evidence was introduced in support of such prayer and respondents' attorney rested the cause solely on the narrow question of law relating to the insufficiency of complainant's tax deed to comply with the statute.

The complainant's appeal is denied and dismissed, the decree appealed from should be modified in accordance with this opinion, and the parties may present to this court for approval a form of decree to be entered in the superior court.

*Joseph Mainelli,* for complainant.
*Milton G. Johnson,* for respondents.